UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HOLMAN,
on behalf of himself and others
similarly situated,

    Plaintiff,

v.                                              CASE NO.:

LIBERTY BANK, N.A..                Class Action

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michael Holman, on behalf of himself and others similarly situated, hereby brings this action against Defendant Liberty Bank, N.A. and alleges as follows:

### INTRODUCTION

1.    This action arises from the sudden closure of a helicopter flight training school, Silver State Helicopters, LLC, a Nevada corporation headquartered in Nevada with locations throughout the United States. Silver State entered into a business relationship with Defendant Liberty Bank whereby students of Silver Star were referred to Liberty Bank in order to obtain loans to pay the tuition required to attend Silver State. Having obtained such a loan from Liberty Bank, Plaintiff Michael Holman and numerous other Silver State students are now facing tens of thousands of dollars in debt to Liberty Bank, but have not received the training and certifications promised by Silver State and paid for with the proceeds of loans obtained from Liberty Bank.

## JURISDICTION

2. This court has jurisdiction over this action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640(e), as well as 28 U.S.C. § 1331, and 28 U.S.C. §§ 1332(a), and (d).

3. This court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to Fed. R. Civ. P. 18(a) and 28 U.S.C. § 1367 because the state law claim arises from the same case or controversy as the federal claim.

## PARTIES

4. Plaintiff Michael Holman is a resident of Polk County, Florida, was a student at Silver State's Polk County school at the time it closed, and obtained a tuition loan to attend Silver State from Defendant Liberty Bank.

5. Defendant Liberty Bank is an Ohio corporation with its headquarters and principal place of business in Twinsburg, Ohio.

## GENERAL ALLEGATIONS

6. On February 13, 2007, Plaintiff Michael Holman entered into a Training Services Agreement with Silver State Helicopters, LLC, at their Polk County, Florida location. The Agreement provided that in exchange for a tuition payment of $69,900, Silver State would provide educational training classes to Holman. Specifically, Silver State agreed to provide classes to enable Holman to obtain the following: Private Pilot Certificate (Rotorcraft), Commercial Pilot Certificate (Rotorcraft), Certified Flight Instructor Certificate (Rotorcraft), External Load Proficiency Course, Instrument Rating, and Turbine Transition.

7. At this same time Holman was personally solicited by the Silver State representative, acting on behalf of Defendant Liberty Bank, to apply for a student loan from

Liberty Bank. Holman was provided a promissory note to complete in order to obtain the student loan. Holman provided his personal information to complete the Note and signed the Note. The Note identified the lender as Liberty Bank, N.A., and the amount of the student loan as $69,900.

8. Holman was not provided with a conspicuously segregated disclosure of the finance charge, the annual percentage rate, total of payments, payment schedule, or statement of his right to a written itemization of the amount financed.

9. On or about February 26, 2007, Holman received correspondence in the mail stating that his loan had been approved and identifying the lender as Liberty Bank/SLX. Included with the correspondence was a purported Federal Truth in Lending Act Disclosure Statement dated February 26, 2007.

10. Defendant made disbursements directly to Silver Star in the amount of $23,766 each on the following dates: February 28, 2007, May 1, 2007, and August 1, 2007, for payment of Holman's tuition.

11. Holman attended classes dutifully until February 4, 2008, when he learned that Silver State had ceased doing business. As a result of its closure, Silver State failed to provide the certifications and licenses it promised to provide to Holman and the other students of Silver State.

12. Defendant has not discharged Holman and other similarly situated students from their payment obligations under the promissory note.

CLASS ACTION ALLEGATIONS

13. The Plaintiff brings this action on his own behalf and on behalf of a class of similarly situated persons consisting of two subclasses defined as follows:

<u>Ohio Retail Installment Sales Act Subclass:</u> All individuals who entered into promissory notes with Liberty Bank, N.A., to finance the payment of tuition to Silver State Helicopters, LLC, on or after February 13, 2006, who were enrolled at Silver State Helicopters at the time it ceased doing business.

<u>Truth in Lending Act Subclass:</u> All individuals who entered into promissory notes with Liberty Bank, N.A., to finance the payment of tuition to Silver Star Helicopters, LLC, on or after February 13, 2007.

14. While the exact number of class members is unknown to Plaintiff at this time, there were hundreds of students enrolled at schools operated by Silver Star Helicopters at the time it ceased doing business, the majority of whom obtained student loans from Liberty Bank to finance their tuition.

15. This action involves questions of fact common to all class members because all class members entered into identical promissory notes with Defendant and were enrolled at Silver Star when it ceased doing business.

16. This action involves question of law common to all class members because the Truth in Lending Act applies to all the transactions between class members and Defendant, and the standardized terms of the promissory notes entered into by all class members provide that Ohio law applies.

17. Plaintiff's claims are typical of those of other members of the class as there are no material differences in the facts and law underlying the claims of Plaintiff and the class and by prosecuting his claim Plaintiff will advance the claims of class members.

18.     The common questions of law and fact among all class members predominate over any issues affecting individual members of the class, including but not limited to whether Liberty Bank violated TILA and Regulation Z by failing to provide required disclosures clearly and conspicuously, in a form that the consumer may keep, prior to the consummation of the transaction as required by 15 U.S.C. § 1638 and Regulation Z, 12 C.F.R. §§ 226.17 and 226.18, and whether under the Ohio Retail and Installment Sales Act, Revised Code § 1317.032(C), Plaintiff and class members are entitled to a return of all monies paid and a discharge of all future payments owing to Defendant Liberty Bank under the terms of their promissory notes.

19.     Plaintiff will fairly and adequately represent the interests of the class and has retained counsel experienced in the prosecution of class actions.

20.     Class treatment of the claims set forth herein is superior to other available methods for fair and efficient adjudication of this controversy.  Absent a class action a multiplicity of individual lawsuits would be required to address the claims between Defendant and class members and inconsistent treatment and adjudication of the claims would likely result.

21.     The standardized forms at issue, the consistent practices of Defendant, and readily ascertainable identities of class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

### COUNT I
### (TILA)

22.     Plaintiff realleges and incorporates by reference paragraphs 1-21 above.

23. This is an action by Plaintiff and the TILA Subclass for statutory damages only against Defendant Liberty Bank due to violations of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.

24. Plaintiff's transactions and the transactions of each member of the class described herein were consumer transactions under TILA, 15 U.S.C. § 1602(f) and Reg. Z, 12 C.F.R. § 226.

25. At all times material, Defendant, in the ordinary course of business, regularly extended, offered to extend, or arranged for the extension of credit by personally soliciting Plaintiff through its agent, for which a finance charge is or may be collected, or which, by written agreement is payable in more than four installments, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Reg. Z, 12 C.F.R. § 226.2(a)(17).

26. As set forth herein, Defendant failed to timely make the necessary disclosures required by TILA by failing to timely deliver accurate disclosures clearly and conspicuously in writing, in a form that the Plaintiff and class members could keep, prior to the consummation, in violation of 15 U.S.C. § 1638(a) and (b) and Reg. Z, 12 C.F.R. § 226.17(b).

27. As a result of Defendant's violations of TILA and Reg. Z as set forth herein, Plaintiff, on behalf of himself and those similarly situated, seeks statutory damages only pursuant to 15 U.S.C. § 1640(a)(2).

28. Plaintiff has retained undersigned counsel to prosecute this action and is entitled to the recovery of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640(a)(3).

## COUNT II
## (RISA)

29. Plaintiff realleges and incorporates by reference paragraphs 1-21 above.

30. This is an action by Plaintiff and the Ohio Retail Installment Sales Act Subclass against Defendant pursuant to the Ohio Retail and Installment Sales Act, R.C. § 1317.01 *et seq*.

31. At all times material, Plaintiff and all those similarly situated were buyers as defined in the Ohio Retail and Installment Sales Act.

32. At all times material, Silver State Helicopters, LLC, was a seller of goods and services as defined in the Ohio Retail and Installment Sales Act.

33. At all times material, the transactions between the Plaintiff and those similarly situated, and Silver State Helicopters, LLC, were consumer transactions as defined by the Ohio Retail and Installment Sales Act, § 1317.01(P).

34. At all times material, the student loans that are the subject of this action were purchase money loan installment notes as defined in the Ohio Retail and Installment Sales Act, § 1317.01(Q).  Each student loan was a cash advance made to Silver State Helicopters, LLC, directly from Defendant on behalf of the student for the student's tuition in return for a finance charge within the meaning of TILA, which was applied in whole or substantial part to the students' consumer transaction with Silver State Helicopters, LLC.

35. At all times material, Silver State Helicopters, LLC, was in cooperation with Defendant to channel the Plaintiff and others similarly situated to Defendant on a continuing basis, and Silver State Helicopters, LLC, was affiliated with Defendant by business arrangement.

36. At all times material, the student loans that are the subject of this action and which the Defendants are holders of, were also retail installment contracts as defined by the Ohio Retail and Installment Sales Act, § 1317.01(L). Each student loan is a written instrument that was executed in connection with a retail and installment sale as defined by the Ohio Retail and Installment Sales Act, § 1317.01(A).

37. Pursuant to the Ohio Retail and Installment Sales Act § 1317.032(A)(1) and (4), Plaintiff and those similarly situated are entitled to assert the following defense against Silver State Helicopters, LLC:

> a) That the subject of the consumer transaction between the Plaintiff and others similarly situated, and Silver State Helicopters, LLC, was not furnished or delivered by Silver State Helicopters, LLC, in accordance with the agreed upon terms of the transaction, such as, *inter alia*, failing to provide the agreed upon education, training, examination, and certifications promised to Plaintiff and all those similarly situated by Silver State Helicopters, LLC, as a result of Silver State ceasing doing business.

38. As buyers under the Ohio RISA who have defenses against Silver State Helicopters, LLC, as set forth above, Plaintiff and all those similarly situated are entitled to assert a cause of action pursuant to the Ohio RISA, § 1317.032(C), to recover from Defendant the amount of any payments made to them and a setoff or discharge of all future payments due and owing to them pursuant to the promissory notes.

39. Plaintiff and those similarly situated have presented, or made reasonable efforts to present, their claims for recoupment and discharge of their promissory notes to Silver State

Helicopters, LLC, as the seller; however, due to the closure of the schools and pending bankruptcy proceedings those efforts have been futile.

40.     Defendant is aware of the situation faced by Plaintiff and others similarly situated due to the closure of Silver State Helicopters, LLC, and have failed to refund payments made by them or discharge their loans.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

a) For an order certifying the class and subclasses defined herein, appointing undersigned counsel as class counsel, approving Plaintiff as class representative, and requiring that notice be provided to the class, pursuant to Fed. R. Civ. P. 23;

b) For judgment on behalf of the TILA Subclass against Defendant for statutory damages only with respect to Count I in accordance with 15 U.S.C. § 1640(a)(2), and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a);

c) For judgment on behalf of the Ohio Retail and Installment Act Subclass and against Defendant with respect to Count II for the amount of any payments made to the Defendants with interest thereon and a setoff or discharge of all future payments due and owing to Defendant pursuant to RISA § 1317.032(C); and

d) For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all issues so triable against the Defendant.

Respectfully submitted,

 s/ Christopher Casper
Christopher Casper
FBN: 48320
JAMES, HOYER, NEWCOMER
        & SMILJANICH, P.A.
One Urban Centre, Suite 550
4830 West Kennedy Blvd.
Tampa, FL   33609
813-286-4100
ccasper@jameshoyer.com