UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HOLMAN, et al., on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

v.                                                                       CASE NO.: 8:08-cv-305-T-23MAP

STUDENT LOAN XPRESS, INC.,

    Defendant.
_____/

## ORDER AND PRELIMINARY INJUNCTION

The parties jointly move for (1) preliminary approval of a class action settlement, (2) approval of the "manner and form of notice" to class members, (3) approval of the claim form, and (4) approval and establishment of a proposed schedule for final confirmation of the class action settlement (Doc. 78). Additionally, the parties move for (5) a preliminary injunction to preclude any parallel action pending review of the proposed settlement (Doc. 82), (6) a conditional certification of the class for settlement purposes, and (7) the appointment of both lead counsel for the settlement class and class representatives (Doc. 83).

### Background

*1. General Allegations*

The plaintiffs sue, on behalf of themselves and others similarly situated, the defendant, Student Loan Xpress, Inc., for (1) a violation of the Ohio Retail and

Installment Sales Act, Sections 1317.01-.99, Ohio Revised Code, (2) aiding and abetting fraud, and (3) negligent misrepresentation (Doc. 77).

The plaintiffs' claims derive from the defendant's partnership with Silver State Helicopters, LLC ("Silver State"), an unaccredited helicopter flight training school. The plaintiffs allege that Silver State promised each student a flight instructor certification within eighteen months of the student's enrollment. Silver State charged a total tuition of approximately $70,000. The defendant worked with Silver State and solicited a private loan application from each student in order to facilitate the student's enrollment in Silver State. After approving a student's loan application, the defendant disbursed the total loan amount to Silver State. However, rather than investing the money in either equipment or faculty for helicopter flight training, each executive officer of Silver State misappropriated the money for the officer's personal use. As a result, Silver State's business functioned like a "ponzi scheme"—Silver State educated the school's first group of students by recruiting additional students. Silver State perpetrated the scheme by misrepresenting or concealing (1) "anticipated tuition costs," (2) "employment opportunities," (3) "the time frame for receiving [Federal Aviation Administration ("FAA")] ratings;" (4) Silver State's "capability to provide adequate equipment, proper training[,] and sufficient maintenance;" and (5) Silver State's "intended and actual use of the loan proceeds." (Doc. 77)

To facilitate Silver State's scheme, the defendant solicited loan applications during each Silver State recruiting event. In order to insulate itself from liability, the defendant purposefully failed to notify each student that the loan agreement was subject

to any defense applicable to Silver State for failing to provide the promised educational service.[1] (Doc. 77) Omitting notice from the loan agreement allowed the defendant to argue that the defendant was not subject to any defense arising from Silver State's failure to educate a student. In exchange for the defendant's facilitating and disregarding Silver State's fraudulent scheme, the defendant collected a substantial profit from the high interest rate on each student loan. On February 4, 2008, Silver State ceased operating and filed for bankruptcy. When Silver State closed, many students had obtained loans in order to pay Silver State's full tuition, but only a small percentage had received the promised education.

*2. The Proposed Class & Subclass*

The plaintiffs seek conditional certification of a class for settlement purposes. The proposed class includes "(a) all persons who obtained a loan originated by Liberty Bank to finance the payment of tuition to Silver State, whose loan is held by [the defendant] as of the Preliminary Approval Order Date, and who were enrolled at Silver State as of February 4, 2008[,] and (b) all persons who co[-]signed such loans." (Doc. 78-2, § 1.8)[2]

---

[1] Notice is required by the Federal Trade Commission's ("FTC") "Holder Rule." See 16 C.F.R. § 433.3.3.

[2] Excluded from the class is "(i) any borrower or co[-]signer whose loan has a zero balance as of the Preliminary Approval Order date; (ii) any borrower or co[-]signer who would have no balance owing on the loan as of the Preliminary Approval Order Date as a result of the unconditional and conditional debt forgiveness made available under the settlement; (iii) any borrower or co[-]signer who has a Chapter 7, 11 or[,] 13 case pending as of the Preliminary Approval Order Date, and the corresponding borrow or co[-]signer or such person; (iv) any borrower or co[-]signer who validly requests exclusion therefrom in accordance with the procedures ordered by the Court; (v) any borrower or co[-]signer who executed a release to resolve his/her potential claims against [the defendant] arising out of Silver State on or before the Preliminary Approval Order Date, and the corresponding borrower or co[-]signer of such person; and (vi) any borrower or co[-]signer included on a government list of known or suspected terrorists or other individuals, entities or organizations of concern, including persons appearing on the United States Department of the Treasury, Office of Foreign Assets Control List of Specially Designated Nationals and Blocked Persons, and the corresponding borrower or co[-]signer of such person." (Doc. 78-2, § 1.8)

Pursuant to Rule 23(c)(5), Federal Rules of Civil Procedure, the proposed class is divided into six subclasses "based on the number of Federal Aviation Administration ("FAA") certifications or ratings a student received before Silver State closed."[3] (Doc. 83)

## Discussion

### *1. Conditional Class Certification*

"A class may be certified 'solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue.'" Borcea v. Carnival Corp., 238 F.R.D. 664, 671 (S.D. Fla. 2006) (quoting Woodward v. NOR-AM Chem. Co., 1996 WL 1063670, *14 (S.D. Ala. 1996)); see also Amchem Products, Inc. v. Windsor, 521 U.S. 591, 618-20 (1997).  However, the requirements of Rule 23, Federal Rules of Civil Procedure, that serve "to protect absentees by blocking unwarranted or overbroad class definitions [ ]demand undiluted, even heightened, attention in the settlement context."  521 U.S. at 620.  The plaintiffs bear the burden of establishing that each requirement of Rule 23(a) and at least one requirement of Rule 23(b) is satisfied.  Rutstein v. Avis Rent-A-Car Sys., 211 F.3d 1228, 1233 (11th Cir. 2000).  Rule 23(a) permits class certification only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[3] "Subclass One" includes each class member that received no FAA certification, "Subclass Two" includes each class member that received an FAA certification, "Subclass Three" includes each class member that received two FAA certifications, "Subclass Four" includes each class member that received three FAA certifications, "Subclass Five" includes each class member that received four FAA certifications, and "Subclass Six" includes each class member that co-signed a loan. (Doc. 78-2, § 1.62-1.67)

- 4 -

The numerosity requirement of Rule 23(a) is satisfied by the impracticability of joinder, which is generally presumed if a putative class amounts to more than forty individuals. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986); see also Jones v. Firestone Tire and Rubber Co., Inc., 977 F.2d 527, 534 (11th Cir. 1992) (finding that fewer than twenty-one individuals is generally inadequate). Commonality is satisfied by the existence of "'at least one issue affecting all or a significant number of proposed class members.'" Fresco v. Auto Data Direct, Inc., 2007 WL 2330895, *2 (S.D. Fla. 2007) (quoting Fabricant v. Sears Roebuck, 202 F.R.D. 310, 313 (S.D. Fla. 2001)). Typicality is satisfied by showing the existence of "'a sufficient nexus . . . between the claims of the named representative and those of the class at large." Hines v. Widnall, 334 F.3d 1253, 1256 (11th Cir. 2003); Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001) (finding that "[a] class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)."). Finally, class counsel and the class representatives are adequate representatives of the class if (1) "'plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation'" and (2) the plaintiffs lack "'interests antagonistic to those of the rest of the class.'" Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726 (11th Cir. 1987) (quoting Griffin v. Carlin, 755 F.2d 1516, 1532 (11th Cir. 1985)).

In this action, the proposed settlement class satisfies the requirements of Rule 23(a). The proposed class includes approximately 2,900 individuals. Each individual was enrolled at Silver State as of February 4, 2008, when Silver State ceased operating. The alleged harm to each individual arises from Silver State's closure, and

- 5 -

each individual's promissory note contains the same choice of law provision. The plaintiffs share the same interest, legal claim, and alleged injury as the proposed class and subclass. (Doc. 83) Furthermore, each named plaintiff's interest aligns with the that of the proposed class and a division of the proposed subclass. Specifically, each plaintiff (1) was either a student at Silver State when Silver State ceased operating or co-signed a loan for a student at Silver State and (2) "vigorously pursued relief" in reaching the settlement agreement on behalf of the entire class. (Doc. 83) The plaintiffs' counsel (the proposed class counsel) understands the plaintiffs' claim, possesses experience handling consumer and class action litigation, and stands "ready, willing, and able to devote the resources necessary to litigate this case vigorously." (Doc. 83)

Rule 23(b) defines each type of permissible class action. Relevant to this action is Rule 23(b)(3), which permits class certification upon a finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Essentially, the rule requires a determination of "whether proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." 521 U.S. at 623.

In this action, the proposed settlement class is sufficiently cohesive and common issues of fact and law predominate over any individual issue. Each individual was a student at Silver State and obtained a loan, which the defendant holds, from Liberty Bank. Each individual suffered the same alleged injury, in that no individual received a complete education, at the time that Silver State ceased operating. Each individual

- 6 -

seeks relief under the same legal theory and each individual's promissory note contains the same choice of law provision. To date, each action filed on behalf of a former Silver State student is a collective or class action seeking relief for a financial obligation the student incurred in exchange for a service that Silver State failed to deliver. As a practical matter, requiring multiple actions by each student or several groups of students would be financially burdensome and judicially inefficient.

Accordingly, the proposed class is **CONDITIONALLY CERTIFIED** for settlement purposes. The settlement class includes "(a) all persons who obtained a loan originated by Liberty Bank to finance the payment of tuition to Silver State, whose loan is held by [the defendant] as of the Preliminary Approval Order Date, and who were enrolled at Silver State as of February 4, 2008[,] and (b) all persons who co[-]signed such loans." In the event that the settlement fails to receive final approval, conditional certification is revoked and the plaintiffs must move for class certification for the purpose of litigation.

Any member may request exclusion from the settlement class by contacting the settlement administrator.[4] The request shall include the member's (1) full name, (2) current address, (3) telephone number, (4) SLX loan number, and (4) signed statement requesting exclusion from the settlement class in this action. Failure to timely request exclusion from the class will render binding as to each class member any judgment concerning the proposed settlement in this action.

Any member not requesting exclusion may object in writing to any term of the proposed settlement or to class certification by contacting the settlement administrator. An objection shall include the objecting member's (1) full name, (2) current address,

---

[4] Contact information for the settlement administrator is provided in the notice to class members.

(3) telephone number, (4) SLX loan number, (5) objection; (6) notice of an intent to appear that the final fairness hearing, if the member wishes to present the member's objection; and (6) any evidence or supporting document for the court's consideration. Any objecting member that notifies the settlement administrator of an intent to appear must include the name, address, and telephone number of the objecting member's attorney (if applicable). Failure to notify will preclude, except for good cause shown, the objecting member from presenting the objection at the final fairness hearing.

*2. Appointment of Class Counsel & Class Representatives*

Rule 23(g), Federal Rules of Civil Procedure, requires the appointment of class counsel upon certification of a class. In appointing class counsel, the factors considered are (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handing class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class." Considering the plaintiffs' motion (Doc. 83), counsel's experience with complex litigation, counsel's knowledge of the claim and applicable law, and counsel's committing the necessary time and resources to this matter, Christopher Casper of James, Hoyer, Newcomer & Smiljanich, P.A. and Kevin F. Rooney of the Pinnacle Law Group, LLP, are appointed as class counsel.

The plaintiffs, Michael Holman, Robert Perrotta, Kevin Wilhemy, Matthew Arnold, Christopher Korte, and Deborah Pechacek, are appointed to represent the class. Additionally, Robert Perrotta is appointed to represent "Subclass One," Michael Holman is appointed to represent "Subclass Two," Kevin Wilhemy is appointed to represent

- 8 -

"Subclass Three," Matthew Arnold is appointed to represent "Subclass Four," Christopher Korte is appointed to represent "Subclass Five," and Deborah Pechacek is appointed to represent "Subclass Six."

*3. Preliminary Settlement Approval*

Rule 23(e), Federal Rules of Civil Procedure, permits approval of a class action settlement if the settlement is "fair, reasonable, and adequate." See <u>Strube v. Am. Equity Inv. Life Ins. Co.</u>, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Fawsett, J.). Approval is generally a two-step process in which a "preliminary determination on the fairness, reasonableness, and adequacy of the proposed settlement terms" is reached. See DAVID F. HERR, ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2008). The factors considered are (1) the influence of fraud or collusion on the parties' reaching a settlement, (2) "the likelihood of success at trial," (3) "the range of possible recovery," (4) "the complexity, expense[,] and duration of litigation, (5) "the substance and amount of opposition to the settlement," and (6) "the stage of proceedings at which the settlement was achieved." <u>Bennet v. Behring Corp.</u>, 737 F.2d 982, 986 (11th Cir. 1984).

In this action, no apparent fraud or collusion influenced the parties' reaching a settlement. The settlement is the product of both an arm's length, "protracted and contentious" negotiation with a mediator and two "mediator's proposals." (Doc. 78) Success at trial is uncertain because the defendant possesses legal and factual defenses to the plaintiffs' claims as well as several grounds for challenging class certification.[5] The range of possible recovery under the proposed settlement is

---

[5] The defendant's defenses include, for example, (1) preemption of the plaintiffs' claims under the National Bank Act, (2) the lack of a private right of action under the FTC Holder Rule, and (3) "numerous complex individualized issues of liability, causation[,] and damages" that predominate over issues common the proposed class. (Doc. 78, pp. 26-28)

substantial and includes (1) conditional and unconditional debt forgiveness based on the number of FAA certifications that a student received, (2) an early re-payment refund; (3) a freeze on interest accrual from February 4, 2008, until final settlement approval; (4) a reduced monthly re-payment rate, (5) amended reports to credit rating agencies; (6) the payment of any attorneys' fee, cost, or expense; (7) additional compensation to each class representative not to exceed $5,000.00 per class representative; and (8) the payment of any cost of notice to the class or of settlement administration. (Doc. 78-2, § 3.3) The combined conditional and unconditional debt forgiveness ranges from seventy-five percent for a member of Subclass One to twenty percent for a member of Subclass Five. The total unconditional debt forgiveness amounts to more than $11,000,000.00 (Doc. 78-2, § 3.3.3) and the total conditional debt forgiveness amounts to more than $100,000,000.00 (Doc. 78-2, § 3.3.4).

Furthermore, full litigation of this case would be lengthy, expensive, and highly complex. The aggregate outstanding debt of the settlement class exceeds $175,000,000.00 and class counsel has already incurred $100,000.00 in expenses. In light of the high stakes involved, both parties are highly motivated to "aggressively" and "vigorously" litigate this case. (Doc. 78, at 32) Additionally, substantial support exists for the settlement,[6] and the parties reached a settlement only after extensive investigation, research, and negotiation.

---

[6] The parties assert (Doc. 78) that twelve state attorneys general support the settlement. Also supporting the settlement are two attorneys retained by two groups of Silver State students and various class members. (Doc. 78, at 32) (Doc. 79).

Accordingly, the proposed settlement is preliminarily approved as a "fair, reasonable, and adequate" compromise of the plaintiffs' claim.

*4. Preliminary Injunction*

Pursuant to Rule 23(d), Federal Rules of Civil Procedure, and the All-Writs Act, 28 U.S.C. § 1651, the parties move (Doc. 82) for a preliminary injunction to preclude any parallel or overlapping action pending final approval of the proposed settlement. The All-Writs Act provides authority "to enjoin a party to litigation before it from prosecuting an action in contravention of a settlement agreement over which the district court has retained jurisdiction." Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1068 (11th Cir. 2001); Demint v. Nationsbank Corp., 208 F.R.D. 639, 644 n.8 (M.D. Fla. 2002). Accordingly, "[f]ederal courts may invoke the authority conferred by the All-Writs Act to enjoin parties from separate litigation to protect the integrity of a judgment entered in a class action and to avoid re[-]litigation of issues . . . ." 208 F.R.D. at 644 n.8. In the context of a conditional class certification and an impending settlement, "[t]he threat to the federal court's jurisdiction posed by parallel state actions is particularly significant . . . . " In re Diet Drugs, 282 F.3d 220, 236 (3rd Cir. 2002) (describing complex litigation as "especially vulnerable to parallel state actions that may 'frustrate the district court's efforts to craft a settlement in the multi-district litigation before it' . . . thereby destroying the ability to achieve the benefits of consolidation.") (citation omitted).

In this instance, the defendant faces several actions[7] by former Silver State students and a high probability exists that additional actions will be filed. (Doc. 82)

---

[7] Shealy v. Student Loan Express, Inc., No. 3:08-cv-03057-JFA (D.S.C. 2008); Hyatt v. Student Loan Express, Inc., No. C09-1324-TSZ (W.D. Wa. 2009); Kilgore v. KeyBank National Assoc., No. C-08-02958 (N.D. Cal. 2009); Mason v. KeyBank National Assoc., No. A 565943; Caney v. Airola, ADV 2008-141 (Feb. 15, 2008) (settled); Elrod v. Airola, No. 08-A-10868-1 (July 25, 2008) (settled).

- 11 -

Accordingly, a preliminary injunction enjoining any overlapping or parallel action is necessary to preserve this court's jurisdiction to administer and enter final judgment on the proposed settlement agreement.

### 5. *Notice to Class Members*

Rule 23(c)(2)(B), Federal Rules of Civil Procedure, requires notice to members of a class certified under 23(b)(3). Notice must consist of the "best notice that is practicable under the circumstances." Furthermore, notice "must clearly and concisely state in plain, easily understood language:"

> (i) the nature of the action;(ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

In this action, the parties submit the proposed notice material for review and approval. (Doc. 78-1, Ex. 1-6) The proposed notice and claim form appear to state all of the required information in a relatively clear and concise manner and otherwise satisfy the requirements of Rule 23(c). The parties' proposed method of notice consists of the settlement administrator's mailing notice by first class mail to the most current mailing address of each member of the settlement class. (Doc. 78)

Because the proposed method of notice is reasonable and the notice material meets the requirements of Rule 23(c), the "manner and form" of notice to class members is approved.

Conclusion

Accordingly, the parties motions' (Docs. 78, 82, & 83) are **GRANTED**. The plaintiffs, any class member, and any person acting on behalf of a class member are **ENJOINED** from prosecuting, pending this court's review of the proposed class action settlement, any claim resolved by or subject to the proposed settlement. The court shall retain jurisdiction over this matter for all purposes. Furthermore, (1) notice to each class member shall be mailed no later than **December 30, 2009**; (2) each class member shall object to the proposed settlement, object to the class member's number of FAA certifications, file a claim, or request exclusion from the settlement no later than **February 13, 2010**; (3) any party that wishes to support the settlement or respond to any objection to the settlement shall file any supporting or responding paper by **March 15, 2010**, (4) a final fairness hearing on the proposed settlement is set for **March 22, 2010, at 8:30 a.m.**.

ORDERED in Tampa, Florida, on November 19, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE