UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HOLMAN, et al.,

    Plaintiff,
v.                                            CASE NO.: 8:08-cv-305-T-23MAP

STUDENT LOAN XPRESS, INC.,

    Defendant.
_____/

**ORDER**

       The plaintiffs move (Doc. 114) unopposed for (1) the appointment of additional class representatives for (the conditionally certified) sub-class three; (2) leave to file a third amended complaint; and (3) leave to withdraw as counsel for Kevin Wilhelmy, a sub-class three representative who opposes the proposed settlement. The plaintiffs assert that, because Wilhelmy objects to the proposed settlement, (1) Wilhelmy cannot adequately represent the one hundred and fifty-five members of sub-class three who are participating in and support the settlement and (2) class counsel cannot continue to adequately represent Wilhelmy.

       A November 19, 2009, order (Doc. 87) (1) preliminarily approves a proposed class action settlement, (2) approves the manner and form of notice to class members, (3) establishes a schedule for final approval of the settlement, (4) enjoins any parallel action pending a review of the proposed settlement, (5) conditionally certifies a class for settlement purposes, and (6) appoints both lead counsel and class representatives. The conditionally certified class contains six sub-classes based on the number of Federal Aviation Administration ("FAA") certifications earned by the class member. The

motion for preliminary approval states that each named plaintiff (and proposed class representative) supports the settlement.  The order appoints Wilhelmy (a named plaintiff) to represent sub-class three.  Following preliminary approval, each plaintiff/class representative communicated with the members of the sub-class.  The plaintiffs moved (Doc. 98) for final approval of the settlement.  At the March 22, 2010, final approval hearing, several class members and non-class members appeared and objected to the proposed settlement.  Wilhelmy also objected to the proposed settlement.  Because a few issues raised by the court—including the tax treatment of the conditional debt forgiveness—merited additional attention and review, the motion for approval (Doc. 98) was held under advisement.  While a decision on the motion for approval was pending, the parties informed the court that the parties agreed (in principle) to a revised agreement, which provides greater relief for the class and addresses some issues raised at the hearing.  The parties wish to execute and submit for final approval the revised agreement.

   Therefore, the parties request the appointment of additional sub-class three representatives to execute the new agreement and to communicate with the sub-class.  Additionally, the class counsel request permission to withdraw from representing Wilhelmly, because Wilhelmy's opposition to the settlement creates an untenable conflict with counsel's duty to the class, which duty requires class counsel to advocate

in the best interest of the class.[1]  Class counsel believes that the settlement is fair, adequate, reasonable, and in the best interest of the class.

### Conclusion

Accordingly, the motion (Doc. 114) is **GRANTED**.  Michael Meyer, Brandi Neill, and Shaun Lionudakis are appointed as class representatives for sub-class three.  Pursuant to Local Rule 2.03(b), class counsel (Andrew August, Kevin Rooney, and Christopher Casper) may withdraw as counsel for Kevin Wilhelmy.  Additionally, the plaintiffs may file a third amended complaint no later than **October 8, 2010**.  Both the joint motion (Doc. 98) for final settlement approval and the motion (Doc. 99) for attorney's fees are **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on September 29, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Ultimately, class counsel bears the responsibility of "protecting the interests of the class as a whole, even in circumstances where the class representatives take a position that counsel consider contrary to the interests of absent class members."  DAVID F. HERR, ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.641, 21.642 (4th ed.); see also Advisory Committee Notes, 2003 Amendments, FED. R. CIV. P. 23 ("[T]he primary responsibility of class counsel, resulting from appointment as class counsel, is to represent the best interests of the class. The rule thus establishes the obligation of class counsel, an obligation that may be different from the customary obligations of counsel to individual clients. Appointment as class counsel means that the primary obligation of counsel is to the class rather than to any individual members of it. The class representatives do not have an unfettered right to "fire" class counsel. In the same vein, the class representatives cannot command class counsel to accept or reject a settlement proposal. To the contrary, class counsel must determine whether seeking the court's approval of a settlement would be in the best interests of the class as a whole.").