UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HOLMAN, et al.,

    Plaintiffs,

v.                                               CASE NO.: 8:08-cv-305-T-23MAP

STUDENT LOAN XPRESS, INC.,

    Defendant.
_____/

## ORDER

A November 19, 2009, order (Doc. 87) (1) preliminarily approves a proposed class action settlement as fair, reasonable, adequate, and in the best interest of the class; (2) conditionally certifies a class and sub-class for the purpose of settlement; (3) appoints class representatives and class counsel; (4) enjoins "any overlapping or parallel action"; (5) approves the form of notice and claim form; (6) finds that the proposed method of disseminating notice constitutes the best practicable notice under the circumstances and satisfies the requirements of due process and Rule 23, Federal Rules of Civil Procedure; (7) orders the parties to notify each class member; (8) establishes a procedure for each class member to either object to the proposed settlement or request exclusion from the class or to submit a dispute; and (9) schedules a fairness hearing for March 22, 2010, to determine whether the proposed settlement merits final approval and judgment. The conditionally certified class contains six sub-classes based on the number of Federal Aviation Administration ("FAA") certifications earned by the class member. After the March 22, 2010, fairness hearing (at which the sub-class three representative, Kevin Wilhelmy, expressed disapproval of the settlement) and pending a decision on final approval of the settlement, the parties

informed the court that the parties agreed to a revised settlement, which provides greater relief for the class and addresses some issues raised at the hearing. A September 29, 2010, order (Doc. 116) appoints additional representatives for sub-class three, because the parties sought to execute the new settlement agreement. After providing supplemental notice to each member of sub-class three and receiving three objections, the parties move (Doc. 124) for final approval of the settlement (Doc. 127-1). A review of the proposed amended settlement, each memorandum and declaration in support of approval, and each objection supports final approval. Accordingly:

1. This order adopts each term as defined in the amended settlement agreement (Doc. 127-1).

2. A nationwide plaintiff class for settlement purposes only (the "class") constitutes the following:

> a. (i) each person who obtained a loan from Liberty Bank to finance the payment of tuition to Silver State, whose loan SLX held as of November 19, 2009, and who enrolled at Silver State no later than February 4, 2008; and (ii) each person who co-signed such a loan.
>
> b. The following six sub-classes: (i) "sub-class one" means a class comprising each member who obtained no FAA certification while enrolled at Silver State; (ii) "sub-class two" means a class comprising each member who obtained one FAA certification while enrolled at Silver State; (iii) "sub-class three" means a class comprising each member who obtained two FAA certifications while enrolled at Silver State; (iv) "sub-class four" means a class

       comprising each member who obtained three FAA certifications while enrolled at Silver State; (v) "sub-class five" means a class comprising member who obtained four FAA certifications while enrolled at Silver State; and (vi) "sub-class six" means a class comprising each member who co-signed a loan.

  c.   Excluded from the class and each sub-class is (i) any borrower or co-signer whose loan had a zero balance as of November 19, 2009; (ii) any borrower or co-signer who would have had no balance owing on the loan as of November 19, 2009, as a result of the unconditional and conditional debt forgiveness available under the settlement; (iii) any borrower or co-signer who had a Chapter 7, 11, or 13 case pending as of November 19, 2009, and the corresponding borrower or co-signer of that person; (iv) any borrower or co-signer who validly requested exclusion from the class in accord with the procedure in the November 19, 2009, order; (v) any borrower or co-signer who executed a release to resolve a potential claim against SLX arising from Silver State no later than November 19, 2009, and the corresponding borrower or co-signer of that person; and (vi) any borrower or co-signer included on a governmental list of either known or suspected terrorists or another individual, entity, or organization, including a person on the United States Department of the Treasury, Office of Foreign Assets Control, List of Specially Designated Nationals and

       Blocked Persons, and the corresponding borrower or co-signer of that person.

   d. For the reasons stated in the November 19, 2009, order, the class and each sub-class satisfies Rule 23(a) and Rule 23(b)(3), Federal Rules of Civil Procedure.

   e. Class counsel and at least one class representative from each sub-class fairly and adequately represented and protected the best interest of the class.

   f. If the "final effective date" fails to occur or the settlement is otherwise terminated, nothing in this order constitutes a finding that the plaintiffs satisfied the requirement for certification of a litigation class or sub-class in this action, and SLX or the "released parties" may oppose certification of a litigation class or sub-class.

  3. (a) As determined in the November 19, 2009, order, the form of notice provided to the class fairly, fully, accurately, and adequately advises the class of relevant and material information about the original settlement and related matters and satisfies the requirements of due process and Rule 23. Furthermore, an October 14, 2010, order approves the supplemental notice provided to members of sub-class three, which notice also satisfies the requirements of due process and Rule 23.

   (b) Dissemination of the notice and claim form (1) constitutes sufficient notice to each person entitled to notice; (2) affords each class member adequate time and opportunity to either request exclusion from the class, object to the original settlement, or submit a claim or dispute; and (3) satisfies the requirements of due

process and Rule 23.  Dissemination of the supplemental notice (1) constitutes sufficient notice to each person entitled to notice, (2) affords each member of sub-class three adequate time to object to the appointment of the additional class representatives for sub-class three and the potential service award, and (3) satisfies the requirements of due process and Rule 23.

      (c)    Because the amended settlement agreement (Doc. 127-1) enhances the benefit to the class, the class received no additional notice and no sub-class three member received a second opportunity to request exclusion from the settlement.

    4.    The settlement merits final approval because the record establishes that the settlement is fair, reasonable, adequate, and in the best interest of the class.  This conclusion derives from a consideration of (a) the likelihood of success at trial; (b) the range of possible recovery; (c) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (d) the complexity, expense, and duration of litigation; (e) the substance and amount of opposition to the original settlement and amended settlement agreement; and (f) the stage of proceedings at which the parties achieved the settlement.  The parties shall implement the settlement in accord with the amended settlement agreement, including section seven of the agreement covering the transferred claims (and the furnishing of information either necessary or required by the United States Bankruptcy Court for the District of Nevada in connection with the transfer of each transferred claim).

    5.    In accord with the settlement, both the plaintiffs and class members unconditionally assign to SLX any cause of action, claim, right, or remedy against Silver

State, Silver State Service Corp., the Bankruptcy Trustee, and EOS Partners, LLP, and an agent, affiliate, officer, related entity, or other person acting on behalf of Silver State, Silver State Service Corp., the Bankruptcy Trustee, and EOS Partners, LLP (including Jerry Airola and Steve Pickett) that derives from Silver State.  Neither a plaintiff nor a class member possesses an interest in the prosecution or outcome of an assigned claim.  SLX possesses no obligation or duty to a class member to pursue an assigned claim.  SLX possesses discretion to determine whether to pursue an assigned claim, including the right to waive, decline to pursue, compromise, or cease pursuit of an assigned claim.

6. In accord with the settlement, upon class counsel's execution of the transfer of claim (Doc. 127-1, Ex. 7), any claim of a plaintiff or a class members against the debtor (whether scheduled, filed, or otherwise allowed in the Silver State bankruptcy case) transfers to SLX.  Neither the plaintiffs nor the class members possesses an interest in the prosecution or outcome of a transferred claim, other than the payment by SLX of any net recovery that SLX collects on a transferred claim (see Doc. 127-1, §§ 7.3, 7.4).  SLX possesses no obligation or duty to pursue a transferred claim.

7. Each objection to the settlement is overruled.  The settlement is fair, reasonable, and adequate.  Any person who failed to object in the manner provided in the November 19, 2009, order (Doc. 87) or in the October 14, 2010, order (Doc. 121) waives the objection.

8. The plaintiffs and class members release any claim against the defendant and an affiliated entity in accord with the amended settlement agreement (Doc. 127-1, § 4.2).

9. The debt forgiveness provided by the amended settlement agreement (Doc. 157-1) should not qualify as taxable income, because:

    a. In the third amended class action complaint, the plaintiffs allege that SLX colluded in Silver State's fraudulent scheme. The plaintiffs assert against SLX statutory claims under the Ohio Retail and Installment Sales Act and claims for negligent misrepresentation and aiding and abetting fraud;

    b. The plaintiffs dispute the amount of loan debt and also allege that, as a result of the alleged illegal and improper conduct of Silver State and the alleged improper conduct of SLX, the loans are invalid and unenforceable, because each loan was improperly procured and fails to reflect the true value of the benefit received by the students while enrolled at Silver State before Silver State's bankruptcy petition and closure;

    c. SLX asserts that each loan is valid and enforceable; and

    d. In light of paragraphs 9(a)-(c) above:

        i. The settlement resolves a bona fide, good faith dispute over the amount due under each loan, the method of procurement of each loan, and the validity and enforcement of each loan; and

        ii. The settlement constitutes a negotiated compromise of each disputed loan on a sub-class-by-sub-class (and not an individual) basis, and the basis for the compromise is

> independent of, and excludes any recognition of, an individual class member's insolvency or inability to pay a disputed loan.

10. A person who properly submitted a valid request for exclusion from the class is excluded from the a class and each sub-class, possesses neither a right with respect to the settlement nor an interest in the settlement, and remains unrestricted and unaffected by the judgment in this action (excepting the effect of exclusion).

### Conclusion

Accordingly, the motion (Doc. 124) is **GRANTED**, and the amended settlement agreement (Doc. 127-1) is **APPROVED**. This action is **DISMISSED WITH PREJUDICE**. Furthermore, each "releasing party" and any person purporting to act on behalf of a "releasing party" is **PERMANENTLY ENJOINED** from asserting an action as to a "released claim" against a "released party" (as defined in the amended settlement agreement, Doc. 127-1). Jurisdiction is retained for the purpose of enforcing the injunction and the amended settlement agreement.

ORDERED in Tampa, Florida, on January 4, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE